# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE RESPER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-13-3431 |
| SECRETARY, DPSCS, OAKLEY – IGO, and COMMISSIONER OF CORRECTIONS | * * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

On November 21, 2013, this Court issued an Order requiring Plaintiff to supplement the above-captioned case alleging denial of access to courts with additional information concerning an actual injury cause by the alleged mismanagement of the administrative remedy procedure in place for Department of Public Safety and Correctional Services (DPSCS) facilities. ECF No. 3. Plaintiff's Amended Complaint was filed December 19, 2013, together with a Motion to Proceed in Forma Pauperis and a Motion to Appoint Counsel. ECF No. 5 and 6. Because the Amended Complaint does not cure the defect in the original pleading, the Complaint must be dismissed for failure to state a claim upon which relief may be granted. The pending Motions to Proceed in Forma Pauperis shall be granted and the Motion to Appoint Counsel will be denied.

In the Amended Complaint Plaintiff simply parrots the language of *Bounds v. Smith*, 430 U.S. 817, 821 (1977) and its progeny, claiming that the failure by Defendants to implement certain safeguards has resulted in the dismissal of his "non-frivolous claims" concerning "conditions of confinement." ECF No. 4. Plaintiff does not explain specifically how the failures by the Inmate Grievance Office (IGO) to implement a "carbon-copy system" or to recognize the prison mailbox has resulted in the dismissal of his claims. He does, however, cite two cases in

this Court which he claims were lost as a result of the procedural dysfunction of the IGO, Civil Actions PJM-12-691 and PJM-12-719. ECF No. 4 at p. 2. Upon review of the undersigned's dispositive decisions in those two cases, it is clear neither was dismissed as a result of some procedural infirmity with the IGO process, nor was either case dismissed for a failure to exhaust administrative remedies. Indeed, there is no indication in either case that Plaintiff was in any way prohibited from presenting his claim to the IGO and to this Court.

Plaintiff also provides a lengthy list of state court case numbers he avers were lost opportunities to present non-frivolous claims concerning his conditions of confinement. ECF No. 4 at p. 3. A state-wide search of civil cases on Maryland Judiciary Case Search establishes that Plaintiff has filed approximately 190 civil actions dating back to 2002, the vast majority of which are administrative agency appeals filed within the last three years.[1] This Court is not inclined to parse through the lengthy docket in an attempt to discern which, if any, of Plaintiff's cases were dismissed on a procedural issue in light of his failure to so specify as directed in the Order to supplement his claims.

Accordingly, by separate Order which follows, the Complaint shall be dismissed for failure to state a claim upon which relief may be granted. Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under Fed .R.Civ. P. 12(b)(6).

January 27, 2014

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiry